UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| **DARBYTECH TRAINING EQUIPMENT, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**HAMPDEN ENGINEERING CORPORATION**<br><br>Defendant. | **COMPLAINT** |

## PARTIES

1.      Plaintiff DarbyTech Training Equipment, Inc. ("DarbyTech") is a Canadian corporation, with a principal place of business at #4, 1726 8th Avenue N.W., Calgary, Alberta, Canada T2N 1C2.

2.      Defendant Hampden Engineering Corporation is a Massachusetts corporation with a principal place of business at 99 Shaker Road, East Longmeadow, Massachusetts.

## JURISDICTION AND VENUE

3.      This action asserts claims arising under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. The Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338. The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332; the parties have complete diversity and the matter in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

5. DarbyTech manufactures customized training equipment and provides training services for process-control systems. The majority of DarbyTech's work consists in providing customized training equipment and services for gas plant, refinery, and petro-chemical plant operators.

6. Typically, DarbyTech fabricates unique, stand-alone training machines for each client. Each training machine costs hundreds of thousands of dollars. DarbyTech then develops a training program keyed to the machines fabricated for each client.

7. In April 2009, DarbyTech submitted a budget proposal to Saudi Chevron in response to Saudi Chevron's RFQ 01039836.

8. On or about November 1, 2009, Saudi Chevron indicated that it wished to meet with DarbyTech concerning its proposal for RFQ 01039836. On November 11, 2009, DarbyTech made a presentation to Saudi Chevron in Kuwait City, Kuwait concerning DarbyTech's proposal for RFQ 01039836.

9. During the presentation, Saudi Chevron employees interrupted and stated that Saudi Chevron had in hand a presentation from another vendor that contained the same photographs and text that formed part of DarbyTech's presentation. In response, DarbyTech explained that all of the images and text in its presentation belonged to DarbyTech.

10. After the presentation, Saudi Chevron handed DarbyTech a portion of the presentation Hampden had earlier made to Saudi Chevron.

11. Hampden's presentation to Saudi Chevron contained copyrighted images and text copied verbatim from DarbyTech's website.

12. DarbyTech's website contains, among other things, photographs of training machines that DarbyTech has designed and fabricated for its customers. DarbyTech marks the webpages containing these photographs and accompanying text with the designation: "©2006 DarbyTech Training Equipment Inc. All Rights Reserved".

13. With regard to at least three such photographs and accompanying text that DarbyTech displays on its website, Hampden copied these copyrighted materials and passed them off as their own.

14. In one instance, Hampden superimposed over the DarbyTech machine a different control box. With regard to all of the DarbyTech machines whose photographs Hampden copied, Hampden provided model numbers purportedly corresponding to the machines displayed. Hampden does not in fact have any machine corresponding to the model numbers it placed on DarbyTech's machines

15. Hampden palmed off DarbyTech's materials as its own.

16. DarbyTech has spent years developing its reputation in the highly specialized field of building process-control simulators and providing training for process-control systems.

17. Because of Hampden's improper conduct, Saudi Chevron and other potential DarbyTech-customers may believe that DarbyTech is passing others' products and experience off as its own - - the exact opposite of what is in fact occurring.

18. Through its improper conduct, Hampden has confused the public and led it to believe that DarbyTech sponsors or endorses Hampden.

## COUNT I
### (Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*)

19. DarbyTech repeats and reallege the allegations set forth in paragraphs 1 through 18 as if set forth fully herein.

20. By its actions alleged above, Hampden has infringed and will continue to infringe copyrights owned and controlled by DarbyTech.

21. Hampden has no license or any other form of permission to copy, duplicate, sell, distribute, or claim copyright ownership in DarbyTech's copyrighted materials.

22. Hampden's acts of infringement are willful pursuant to the Copyright Act, 17 U.S.C. § 504.

23. Hampden's acts of infringement are in degradation of and injurious to DarbyTech's exclusive rights as the owner and/or administrator of the copyrights.

24. DarbyTech has sustained and will continue to sustain damage to the value of the creative works subject to the registered copyrights described above.

## COUNT II
### (Unfair Competition - - Palming Off)

25. DarbyTech repeats and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. DarbyTech owns the images and text on its website.

27. Hampden palmed off DarbyTech's images and text as its own. Hampden's conduct constitutes unfair competition.

28. As a result of Hampden's unfair competition, DarbyTech suffered substantial harm.

## COUNT III
### (Injurious Falsehood)

29. DarbyTech repeats and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

30. Hampden made false statements harmful to DarbyTech's interest.

31. Hampden knew or should have known that its actions were likely to harm DarbyTech.

32. Hampden knew that the statements it made were false.

33. As a result of Hampden's injurious falsehoods, DarbyTech has suffered substantial harm.

## COUNT IV
### (Interference with Advantageous Business Relations)

34. DarbyTech repeats and incorporates by reference the allegations contained in paragraphs 1 through 33 above.

35. At all times material hereto, Hampden was aware that DarbyTech maintained business relationships and contemplated contracts of economic benefit with persons seeking the manufacture of process-control simulators and training.

36. By its above-described actions, Hampden intentionally and maliciously interfered with Darby's business relationships, using improper motives or means.

37. As a result of Hampden's actions, DarbyTech has suffered substantial harm.

## COUNT V
### (Conversion)

38. DarbyTech repeats and incorporates by reference the allegations contained in paragraphs 1 through 37 above.

39. Hampden intentionally or wrongfully exercised acts of ownership, control, or dominion over DarbyTech's property without right to do so. Hampden's actions constitute conversion of DarbyTech's property.

40. Hampden's above-described conduct has caused DarbyTech substantial harm.

## COUNT VI
### (Violation of G.L. c. 93A, § 11)

41. DarbyTech repeats and incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42. DarbyTech and Hampden are each engaged in trade or commerce.

43. Hampden's above-described actions constitute unfair or deceptive acts or practices.

44. Hampden's unfair or deceptive acts or practices occurred primarily and substantially within Massachusetts.

45. Hampden's unfair or deceptive acts or practices caused DarbyTech substantial harm.

## PRAYERS FOR RELIEF

WHEREFORE, DarbyTech request that this Court:

A. Enter judgment on all counts of the Complaint in DarbyTech's favor in an amount to be determined at trial;

B. On Count I, award DarbyTech statutory damages, attorneys' fees, and any gains, profits, and advantages obtained by Hampden

C. On Count VI, award DarbyTech treble damages plus its attorneys fees;

D. After notice and a hearing, enter a preliminary injunction enjoining Hampden, and its agents, servants, employees, attorneys, successors or

**assigns, and all those acting in concert with Hampden, from** (1) infringing DarbyTech's copyright, (2) passing off DarbyTech's materials as Hampden's, and (3) failing to disclose to DarbyTech all instances in which it has presented DarbyTech materials as Hampden materials.

E.  **After trial, enter a permanent injunction in the form of Prayer D; and**

F.  **Award such further and other relief as the Court deems appropriate.**

## JURY DEMAND

**Plaintiff demands a trial by jury on all issues so triable**

**DARBYTECH TRAINING
EQUIPMENT CORPORATION, INC.**

**By its attorney,**

  /s/Shane P. Early
Joseph F. Shea (BBO# 555473)
**Shane P. Early (BBO# 673541)
searly@nutter.com
Nutter McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
T:      617-439-2000
F:      617-310-9000**

**Dated: December 4, 2009**

1876121.1